The next case today is United States v. Donna L. Saccoccia, Appeal No. 20-1042, and United States v. Vincent Hurley, Appeal No. 20-1095. Attorney Roth, please proceed. I'm Alan Roth, and I represent Donna Saccoccia and Vincent Hurley with regard to the forfeiture order of $136 million. This forfeiture order was entered in early 1990s, and liability is joint and several against the appellants and others in that case. There was eight other people that were involved in that case that all had joint and several liability. Our contention is that because it's joint and several liability under Honeycutt, which was decided in 2017, Honeycutt prevented joint and several liability in these kinds of cases. Counsel, you are going to have to move well beyond that argument because the government says, putting that aside, each of your clients nonetheless were involved in the flow of money in this money laundering conspiracy operation, and therefore, all of the Honeycutt tests were satisfied as to each of them. I'd like you, please, in your response to distinguish between the two defendants. Well, the real question is the extent of the involvement of these two parties. I would suggest to the court that when the sentencing was happening for Donna Saccoccia, at the sentence, the judge said that she had a very minimal part in the process, that she was like ministerial and that she was like a secretary. All she was doing was following the lead of Mr. Actor in this case, and she was doing it at his direction. She had no ability to control anyone, and she did not control anyone in the process. I'm sorry, I thought her name was on all of the accounts that was used, which gave her authority over the accounts. Is that just factually wrong? Well, no. Her name may have been on the accounts, but she didn't exercise authority over those accounts, and that's why the judge said... I'm sorry, but her name being on the accounts gave her authority, whether she exercised it or not. Isn't that correct? Well, that's probably true. However, the real question is whether or not she's actively involved in the process, and whether she controlled funds, and whether she controlled the activities of anybody. She didn't control anyone. She had no ability to tell anybody what to do at all. Everything was done through her. I thought all of the money, the $136 million, passed through that Trent account, and that whether she exercised it or not, as Judge Lynch is indicating, she was in a position to exercise authority over the funds passing through that account. Is that not so? Well, I suppose if she was an owner, then she would have that authority, but I think the real question is that she never did that. She never exercised authority. She never used that money. She never allocated that money to any other person. So I'm saying because she did not actually exercise that authority, that she should not be held responsible for all that money in terms of what she should be able to have forfeited. Could you address Hurley? Because my understanding is that, at least factually, not all of the monies similarly went through accounts that he controlled. Is that right? Well, that's true. First of all, Mr. Hurley never controlled the accounts, but the truth was that was about a man named DeMarco. DeMarco's the one that controlled those accounts, but Hurley never controlled the accounts at all. All Hurley ever did was go to New York City and pick up $50,000, and he was involved in counting money, and that's all he ever did. How much money did he count? Do we know? I never got an indication as to how much money and counting it would be enough under our Sokocha to make him liable without it being joint in silver liability. What are we supposed to do in this case when you haven't argued to us what amount is in question that he never touched at all? In other words, you seem to be saying he should get the rest, that the judgment should be reduced to zero, yet you're not saying to us he touched $0, so you acknowledge he was in control of $50,000. Then you also say, and the record supports the idea, that he was involved in counting some unknown sum. I don't quite understand what we're supposed to do as a court. If we think that the counting is relevant to holding him liable, and you haven't identified what that amount is, I don't quite know how we're supposed to reduce it. I'm not sure that it's up to me to show how much he counted. I would think that would be the district court's issue. You're bringing the claim now. You now are trying to say that this judgment can't stand. You said to us, what is the remedy you sought? You sought a remedy to reduce it to either zero or $50,000, but if the evidence shows he was actually counting much larger than $50,000, but lower than $136 million, I don't fully understand what relief you are asking to provide. You didn't ask for an evidence you're hearing below. You didn't seek any of that. You just said, knock it down to $50,000. I just don't know why, at this late date, the record would support that conclusion. I'm not sure the counting really shows control over the money, because I think the real issue under Honeycutt is, did you control the money? Since you counted, all you did was say, okay, there's $100,000 here, and that's all you said. You didn't control it. You didn't distribute it. You didn't say who was going to have it or not have it. Therefore, what is the record? If he's counting the money for that period of time, he's in possession of it. He's in control of it. Now, it may be that he just does his job and he passes it on to others, but at that point, again, he's in possession of it. He's not the mastermind. He was described as a lieutenant, an important lieutenant. This suggestion that he was only involved as a courier one time seems to me inconsistent with the record. He did have, it would appear, an ongoing role in this money laundering scheme. Again, not the mastermind, but he had an ongoing role, which would seem put him in contact with far more than just $50,000. I don't know where that comes from. Well, I believe that's what the evidence showed when they were going through the hearings and at sentencing. That's what the judge said. You were responsible for $50,000. He also found that he was a chief lieutenant who was involved with counting a lot of it. Well, I understand the counting, but again, counting does not mean control. It doesn't mean he's distributing. It doesn't mean he's reallocating. Suppose we thought counting, when you count it, you have obtained it, which would be the operative word in the statute. What's your argument then? If we know the record supports the idea that he was responsible for $50,000 plus counting an unknown amount, what do you say we should do? I don't see how we could say, well, the answer is before we ignore all the money that he counted, if we conclude that that counts as obtaining the funds, and yet you haven't given us any is. Well, I don't have a number and that's true. Okay. Perhaps there needs to be a hearing to factually decide these issues as to what the amount was, because I have no way of saying to you how much he counted because that doesn't appear anywhere in the record. I beg your pardon. You're representing the defendant who counted the money. The fact that it wasn't in the record doesn't mean that your client doesn't have some idea of how much money he counted over the period of time. Your client's in the best position to know that information and yet you neither asked for an evidentiary hearing nor presented any argument to the district court about that issue. Well, perhaps I could ask the court to remand this so that we could handle this. Why? Why do you? Let me ask another question. I don't understand what this proceeding is about. There is over $100 million. I assume your client feels he can't come up with $100 million, but I assume your client's going to say something like, I can't even come up with $1 million. What is this all about? Is it that he has money hidden somewhere and he's trying to avoid a restitution order? Otherwise, why is it worth his time to have any of this? Well, the point is it's very limiting because the government can always come back and try to have some substitutes. What is limiting? I'm sorry, I didn't hear that. You said it's very limiting. What is limiting? Is the government trying to garnish whatever wages he's getting? Well, they have come after things in the past. I think the last time they came after money from them was in 2010. However, the government can do that at any time. That prevents you from then trying to move forward in your life and trying to build business and trying to do anything like that because then all of your money can be taken at any time. It's very limiting to all the individuals here, especially these two, Donna Sikosha and Mr. Hurley. Counsel, could you just comment please on the district court with respect to Mr. Hurley placed a lot of importance on the jury findings that he put to the jury on the amount of money that he was responsible for. The court says Mr. Hurley chose to have the jury determined by special verdict form that he was liable for the same amount of money. It goes on to say there's no merit to the argument that the forfeiture judgments should be vacated because they were based on joint and separate liability. How do you respond to that reliance by the district court on the jury finding? That jury would have received a normal Pinkerton-type instruction, which means it's all about reasonable foreseeability, and so that's what they were dealing with. However, that did not incorporate the Honeycutt standards, which would have changed that reasonably foreseeable standard. That was a legal error in the district court's analysis. I guess that would be your position. Is that correct? I don't know if it was an error at the time, but in the end, it ends up being error based on the later Honeycutt decision. I'm sorry. I'm not sure it was a legal error, but you're saying that because of the instructions, what is reasonably foreseeable is not identical to what was obtained. That's what I understand your argument to be. Is that correct? I believe that it's true. Yes. In that sense, that is a claim that the district court made a legal error now. Did you suggest or provide any evidence as to whether such an error was prejudicial to your client? I don't know if there was ever a hearing to allow us to do that. You didn't ask for one, nor did you argue that there was prejudice. Well, I would certainly urge that now and ask that maybe this be remanded so that we can actually have that kind of hearing to establish those facts. But see, I think even if we treat it as trouble, because then you have the burden on plain error of showing prejudice. If there was a plain legal error in relying on that jury verdict to reject your Honeycutt argument, as I imagine maybe there was, you then still have to show it prejudiced your substantial rights or that under the fourth prong of plain error, the fairness and justice of the whole thing would be such that we should rectify that error. But when you haven't addressed any of these factual issues about how much control he did exercise, it seems very hard to see how we could do that. Well, the injustice to him is for the rest of his life he can't own anything. If he ever does, it's always going to be taken from him and that's very limiting in a person's life. That's true if the right answer was zero as to what he would owe, but if the right answer is he plain error. But you've got nothing in the record to tell us which it is. Is it zero or 150 million or 161.5 or 25 million? There's just no way to know. All we know is that he did have a big role. He counted a lot of money. We don't know how much. I would also suggest that this court made Mr. Sikosha responsible for the entire amount of this. My point behind that is if he's responsible for the entire amount, then Honeycutt says that the rest of the people can't be responsible because there's no joint and several liability. Therefore, since you made Mr. Sikosha responsible. It's the opposite. Everyone can be individually liable for the full amount they control. That's not joint and several liability. It's just each person is responsible for their role with respect to that money. That's not joint and several liability. I understand whatever money they controlled, but I'm still making the point that there's no evidence that he controlled all the money. I have one last question. In the statute, it refers to obtain directly or indirectly. What's the significance of the indirectly? I could see in a case like Honeycutt, there's no sense in which the party there indirectly obtained it. Therefore, to hold that person liable for the full conspiracy was joint and several liability. In this case, we're dealing with a top lieutenant. Even if they didn't physically control the account, you might say they indirectly obtained it by having such an operational role with respect to all of the funds in the scheme. I don't know of any authority that rejects that theory. First of all, you're calling him a lieutenant. I'm not sure what a lieutenant is. If counting money means that you're a lieutenant, then I have to deal with that. However, I don't believe that counting money really makes you a lieutenant because lieutenants are people who control people who can control items and tell people what to do. He really was not a lieutenant because he was counting money and he picked up some $50,000. That's all he did. Any further questions for counsel? I have none. No. Thank you, counsel. Thank you very much. Attorney Roth, if you could please mute your device at this time. Attorney Cunha, if you could unmute. There you go. May I proceed, Your Honor? You may. Good morning, Your Honors. Zachary Cunha for the United States. I'd like to begin by addressing the Honeycutt issue and then briefly turning to the two procedural issues. Just to be very clear, Honeycutt doesn't come into play at all unless we're dealing with an indirect acquisition of the funds. All of the defendants in this appeal did possess or control the funds within the meaning of Honeycutt and within the meaning of this Court's most recent decision in Stephen Sikosha's case. I'd make two observations. Could you explain how that could be true as to Hurley? Yes, Your Honor. I can explain how that would be true as to Hurley. The first goes to Your Honor. This is a money laundering case and money laundering is different in nature from, say, a drug conspiracy where one person might obtain the proceeds and another person might be involved in conduct that has nothing to do with the funds. When you're dealing with significant players in a money laundering conspiracy who are either receiving the funds, having the funds transit to accounts they control or playing a significant role in the laundering operation, we would argue that they do obtain or acquire the funds in that context. It's the third of those three categories that matters a great deal, which is persons exercising significant control. Would a person who transferred $50,000 in a $136 million scheme be somebody who played a significant role? Most likely not, Your Honor, but that's not Mr. Hurley's role in this case. What about his role? Is it that he counted some unknown sum? I'd like to back up for a moment. With all deference to my brother counsel, the recitation of the facts as to Mr. Hurley is substantially constrained from what the record supports. The record supports that, and this is a quote, that he participated directly in most facets of the overall money laundering scheme. That was the district court's forfeiture stage, that his transportation of the money from New York was a central part of the ongoing laundering operation, which clearly is not consistent with $50,000 being moved on one occasion. He was found to have pretty much run the coin store, which was a front for the laundering operation. A very clean line to distinguish Honeycutt is to just look at the or, with respect to all the funds, look at who could direct and actually directed them. If we don't hold to that clean line and do as you suggest, which is we take somebody who played a large role in many aspects of it, who was involved in central portions of it, and then say, yet that person can be responsible for all of the funds, there's no reason that's limited to money laundering. That would be true to a central player in the drug conspiracy scheme also, who was different than a low-level mule or carrier. I don't read Honeycutt to make it all clear that we're allowed to do that without effectively engaging in joint and several liability. If you want to make the argument that his role was such that he indirectly controlled all of the funds, that's very easy to the funds and therefore he's liable for forfeiture as to all of them, that's very different. It matters a lot to me which of those two positions you're asking us to take. I don't think the record supports the conclusion that he had a central role that would allow him to exercise control even indirectly over all the funds, but maybe I'm wrong on that. Let me respond to that in two ways. The first issue is that the court doesn't need to reach that question here because all of these factual disputes about Mr. Hurley's role, there were no factual allegations that because of fact X, Honeycutt doesn't reach this portion of the forfeiture judgment in the district court. The first time we're hearing any challenge to the facts as found in this case and in the record is in the reply brief on appeal. Any argument that there's a factual problem with the underpinnings for Mr. Hurley's judgment has been forfeited or to reach that question here. I think factually the only other thing that I was going to point out is as this court said in Hurley itself, a good portion of the money passed through companies that were nominally owned by Mr. Hurley. Again, I know counsel can test that now at this late hour, but those are the facts of this case and the jury did reach a finding that $136 million of the funds that were laundered were properly attributable to him. While I understand the argument that the situation would be different in a Honeycutt context with a jury charge today, that presupposes that there's a showing that Mr. Hurley didn't control those funds and we think that the record is sufficiently supportive here that either on a waiver basis or a forfeiture basis. But counsel, what was the jury in making that finding? Your opposing counsel has said sensibly, I haven't gone to the record, but the suggestion is that they were instructed on the concept of Pinkerton liability, which would apply to a conspiracy, which is far removed the kind of analysis that Honeycutt suggests. So I mean, it seems to me that jury finding isn't helpful at all in dealing with the arguments that we're dealing with here. Well, your honor, I think, I believe that the instruction to the jury would have been a Pinkerton instruction. Again, we can test whether this situation is a Honeycutt situation, even as Mr. Hurley. But if it were, then yes, arguably today, a jury would be differently instructed and would have to find that that individual possessed or controlled the funds at issue. But if I could, I'd like to briefly address why at an even higher level, the court doesn't need to reach any of those questions because as the district counsel, you know, I'm a bit leery about getting into the murky law of quorum nobis and making broader pronouncements if there is a narrower ground. So you can move on if you want, but I think it would be helpful if the government could provide further argument on what indirectly means. That was not much discussed in Honeycutt. Is there some other authority we should be looking at? If I may, your honor, I will take the court's suggestion and just tiptoe around the periphery of that procedural issue without getting into the murky waters of quorum nobis. I would note that under this court's quorum nobis cases, even if the standard for quorum nobis is discretion, whether or not to grant relief, and in this case, I don't think it can reasonably be said that the district court abused its discretion in denying relief. But moving back to the question that your honor raised regarding indirect control of the funds, first, factually, because we've been focusing on Mr. Hurley, I think it is important to note that with respect to Donna Sikosha, I can point the court to with respect to indirect control. I think that if the court looks to some of the cases that the court cited in its most recent Sikosha decision, most particularly the Tanner decision out of the Second Circuit, which deals with financial managers who are handling funds, that there can be a role for individuals who handle the funds as they are transiting through accounts or as the money laundering conspiracy is carried out. Other than saying that in the context of money laundering, when you have a major player whose actions are integral to the obtaining, transit, and laundering of the funds, that in those circumstances that individual indirectly obtains those funds, I don't know that there's a better answer I can give to that, your honor. Counsel, it's clear that with respect to the issue we're dealing with now, this indirect control question, the district court did not address that at all. Again, the district court seemed to rely almost exclusively on the jury finding, which is problematic for the reasons we suggest. What position does that put us in with respect to Mr. Hurley? Are you suggesting that there's, accepting that that's probably a legal error that the district court made in its analysis, are you suggesting that there are sort of other grounds in this We certainly don't concede that it's a legal error, but accepting that for purposes of argument, the only thing that I would note there to the question of the effect of this is there hasn't been any collection by the government in over a decade, and there is certainly support for a smaller amount of forfeiture, even if it's not the $136 million, and there's arguably a question of whether the issue is even ripe as to Mr. Hurley in light of the absence of collection, and although that's not something we argued explicitly in our brief, the court could, of course, affirm on any basis supported by the record. Can I ask a couple follow-ups, Judge Lynch? Yes, please, certainly. One on the right, I'm a little hesitant to conclude that a challenge to an existing forfeiture judgment is not ripe when the judgment has been entered, but putting that aside, I had thought you would raise a possibility of forfeiture or waiver as being an independent ground for us deciding the case, and I just want to work through what that would mean. The forfeiture, I can understand in the sense that it doesn't seem that it was directly raised, that he was contesting the fact because he merely joined Sokocha's argument below, and Sokocha wasn't contesting that he had direct control over all the funds. She was saying that even though they all passed through an account she controlled, she still won under Honeycutt, so I don't think he did make a factual argument. We would then just apply plain error analysis if we thought that there was a legal error in the district court's ruling here, and we would then go through three and four. You also mentioned waiver, and I just wanted to work through waiver with you because one thing that's just odd about the waiver is that although it looks like Hurley did nothing but join Sokocha's argument, the district court decided the Honeycutt issue as to Sokocha based on a factual finding about where the funds went, so it was fully aware of the importance of determining where the funds went, and then with respect to Hurley, notwithstanding having that in view, rules against Hurley based on the jury finding without having made a finding about where the funds went, so in that circumstance, I don't quite see if there's really a waiver when the district court is engaged with the factual question, and I don't know what you just helped me with that. It's just an unusual posture because the district court, on the one hand, seems to get that under Honeycutt. Maybe it matters to trace the funds, but then having said that about Sokocha, rules against Hurley without having done that analysis. Well, I don't know that I have a good answer other than that Mr. Hurley's pleading in the district court was essentially a pro se, me too application, and the only thing I can say is I think that the Hurley decision and the other decisions do support a more substantial role, and I understand that there is a fuzzy line there, but I think his more substantial role would support it, and the last thing I would note is that Mr. Hurley would arguably have an opportunity to raise a Honeycutt issue, so for example, at this late date, if the government wanted to take anything from Mr. Hurley, and say we want a judgment now, Your Honor, that we're entitled to collect X for Mr. Hurley to satisfy the forfeiture judgment, and in that context, if there truly were a live Honeycutt issue, it could be raised and litigated in that context. Okay, thank you, counsel. Thank you, Your Honor. That concludes the argument in this case.